UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE WILLIAMS,

    Plaintiff,                                    Civil Action No. 02-72234

vs.

                                                HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART, AND DENYING IN PART; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on cross Motions for Summary Judgment. Magistrate Judge Steven Pepe submitted a Report and Recommendation ("R&R") on April 18, 2007. The Magistrate Judge recommends that the Court grant Plaintiff's Motion, deny Defendant's Motion, and remand to the Commissioner for further determination. Defendant has filed objections to the R&R. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

I.      **HISTORY OF THE CASE**

        A.      **FACTUAL BACKGROUND**

The Court adopts the facts as set out by Magistrate Judge Pepe in his R&R. *See* Mag.J. R&R, 2-14. However, facts relevant to objections made by Defendant are set out below.

On December 15, 1999, June Williams ("Plaintiff") submitted an application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The application was submitted on behalf of her child ("R.R."). In her application, Plaintiff alleged that R.R. became disabled on September 15, 1997, due to asthma, pneumonia, poor eyesight and shortness of breath. (R. 31, 35.) R.R's application was denied upon initial review.

From April 1998 to April 1999, R.R. had six unscheduled doctors' visits. (R&R, 2-3.) R.R. had another six unscheduled doctors' visits from May 1999 to May 2000. (R&R, 3-4.) Typically, R.R. complained of a variety of ailments including coughing, congestion, cold symptoms, diarrhea, asthma, and ring worm, but not difficulty breathing. (R&R, 2-4.) Plaintiff testified that when R.R. did complain of difficulty breathing due to asthma, she was usually given two Albuterol breathing treatments and two Prednisone pills and was prescribed steroids, Singulair and antibiotics. (R&R, 19.) From February 15, 1999 to April 3, 2000, R.R. was prescribed steroids four times. (R&R, 2-4, 19.) The prescription dated November 9, 1999, was a three day course, but the duration of the other three prescriptions are unknown. (R&R 3, 19-20.)

Furthermore, Plaintiff testified that R.R. had missed 60 days during the school year preceding the August 2000 hearing due to asthma, and was forced to attend summer school. (R&R, 9, 31.) R.R.'s teachers reported that she was performing below her ability level due to absences and missing assignments, but the record does not contain attendance sheets or other evidence indicating the exact number of absences. (R&R, 31.)

**B.    PROCEDURAL HISTORY**

At an administrative hearing held on August 9, 2000, Administrative Law Judge ("ALJ") Thomas decided R.R. was not disabled. Plaintiff and R.R. both testified at the hearing, and R.R was represented by an attorney. (R. 344.) On September 15, 2000, ALJ Thomas decided R.R

2

was not disabled, which became the Commissioner's final decision after the Social Security Administration's ("SSA") Appeals Council denied Plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's final decision. On February 11, 2003, this Court granted Defendant's request for remand due to the unavailability of the administrative claims file. (R. 144 -56.) On remand, a supplemental hearing was held on August 5, 2004 before ALJ Ethel Revels. (R. 369.) Again, both Plaintiff and R.R. testified and R.R. was represented by an attorney. (R. 369.)

On July 27, 2005, ALJ Revels issued her decision finding R.R. not disabled. ALJ Revels found that R.R.'s asthma and attention deficit disorder did not meet or equal any section in the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("the Listing"). Because R.R's impairment did not meet or equal any listing, ALJ Revels then had to determine if R.R.'s impairments were functionally equivalent to any listing. R.R. was determined to exhibit "less than marked" limitation in Acquiring and Using Information, Moving About and Manipulating Objects, Caring for Herself, and Health and Physical Well-Being, and a "marked" limitation in Attending and Completing Tasks. (R. 20-21.) Because R.R. did not exhibit an "extreme" limitation in one domain, or a "marked" limitation in two domains of functioning, ALJ Revels concluded that her impairments did not functionally equal any listing. The decision became final when the Appeals Council denied Plaintiff's request for review.

Plaintiff brought this action challenging the Commissioner's final decision pursuant to 42 U.S.C. §405(g). Both Plaintiff and Defendant filed Motions for Summary Judgment. On April 18, 2007, Magistrate Judge Pepe issued his R&R. Defendant filed a timely objection. Plaintiff made no filings in response to the R&R or to Defendant's Objection.

## II.     MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge recommends that this Court grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment. (R&R, 1.) The issue before the Magistrate Judge was whether substantial evidence supported the ALJ's determination that R.R.'s asthma and attention deficit disorder did not meet or equal, nor were functionally equivalent to, any section in the Listing. (*Id.* at 15.) The Magistrate Judge recommends remand for consideration of whether (1) R.R. met Listing 103.03C in February 1999-April 2000 due to required steroid use, and (2) a finding of "marked" limitation in the Health and Physical Well-Being domain is warranted. (*Id.* at 33.)

Defendant objects to the Magistrate Judge's R&R. Defendant argues that substantial evidence exists to support the ALJ's decision, and remand is improper to further explore issues that were not fully developed by Plaintiff's briefs or the record. (Def.'s Objection to Mag. J. R&R, 3.)

The Court has reviewed those portions of the Magistrate Judge's R&R to which the Defendant made its objections and the entire administrative record. The Court shall accept and adopt the magistrate's R&R so far it recommends remand for further consideration of whether a "marked" limitation in the Health and Physical Well-Being domain is warranted, and deny the R&R so far as it recommends remand for further consideration of whether R.R. met Listing 103.03C in February 1999-April 2000 due to required steroid use.

## III. ANALYSIS OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

When a court reviews the Commissioner's denial of Disability Insurance Benefits ("DIB"), the court's role is limited under 42 U.S.C. § 405(g). Section 405(g) states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (West Supp. 2006). "Substantial evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Thus, so long as the "Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Id*.

The process to determine whether a child is "disabled" under the definition set forth in the Social Security Act has three steps. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). "First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in" the Listing. *Id. See also* 20 C.F.R. §416.924. In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the Listing. *Id.* (citing *Hale v. Sec'y of Health & Human Servs.,* 816 F.2d 1078, 1083 (6th Cir.1987)); *See also* 20 C.F.R. § 416.924(a).

If a child's impairment, or combination of impairments, does not meet or is not medically equivalent in severity to a listed impairment then the Commissioner will assess all functional limitations caused by the impairment, pursuant to 20 C.F.R. § 416.926(a), to determine if the child's impairments are functionally equivalent in severity to any of the listed impairments in the

5

Listing. The Commissioner will assess the functional impairments in six "domains" set forth in 20 C.F.R. § 416.926a:

>    (i) Acquiring and using information;
>    (ii) Attending and completing tasks;
>    (iii) Interacting and relating with others;
>    (iv) Moving about and manipulating objects;
>    (v) Caring for yourself; and,
>    (vi) Health and physical well-being.

20 C.F.R. §416.926a(b)(1).

A child is considered disabled when they show "marked" limitations in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. §416.926a (d). Marked limitation occurs when one's "impairment interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2)(I). Extreme limitation occurs when an impairment interferes "very seriously," something "more than marked." 20 C.F.R. §416.926a(e)(3)(i).

Here, Defendant objects to the Magistrate Judge's recommendation that remand is warranted for further consideration of whether R.R. met Listing 103.03C between February 1999 and April 2000. Defendant argues that Plaintiff failed to carry her burden of proving R.R.'s asthma met Listing 103.03C, and that her failure to do so does not warrant remand. Defendant contends that Magistrate Judge Pepe properly noted that Plaintiff bore the burden of proving that R.R. was disabled, and that Plaintiff had ample opportunities to provide evidence regarding R.R.'s steroid use. (Def.'s Objection to R&R, 6.) Defendant also points out that Magistrate Judge Pepe had concluded that "there is no evidence indicating for what period of time the steroids were prescribed" before recommending remand on the issue. (Def.'s Objection to R&R, 6) (quoting R&R, 20.) Thus, Defendant asserts that a remand is not necessary.

6

The Court agrees with Defendant. Listing 103.03C requires a showing that the claimant was prescribed steroids for periods that average "more than 5 days per month for at least 3 months during a 12-month period." §103.03C. Plaintiff was required to present "complete and detailed objective medical reports of [R.R.'s] condition from licensed medical professionals" that her asthma rose to the level required by the Listing. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (citing 20 C.F.R. §§404.1512(a)-(b), 404.1513(d)). According to the record, from February, 1999 to April, 2000, R.R. was prescribed steroids on four occasions. On three of those occasions, the duration of the prescription is unknown and therefore Plaintiff failed to show that R.R. met the threshold requirements of Listing 103.03C. The Plaintiff's clear failures to satisfy her burden lead Magistrate Judge Pepe to conclude that "ALJ Revels opinion that R.R. did not meet the [L]isting for asthma is supported by substantial evidence." (R&R, 20-21.)

In addition, Plaintiff was represented by counsel, thus mitigating this Court's duty to make a "searching investigation" of the record. *Gold v. Sec'y of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972) (citing *Miracle v. Celebrezze*, 351 F.2d 361, 382-383 (6th Cir. 1965). Instead, this Court need only inquire whether substantial evidence exists on the record before it to support the ALJ's determination. While further proceedings on this matter could produce evidence indicating R.R.'s steroid use met the level required by the Listing, that possibility alone does not constitute a sufficient basis for remand. Plaintiff has had ample time—over seven years have passed since April, 2000—to produce medical records related to R.R.'s asthma. Therefore, remand for further determination of whether R.R. met Listing 103.03C between February 1999 and April 2000, is not appropriate.

Furthermore, Defendant objects to the Magistrate Judge's recommendation that the Court remand for further evaluation of whether a finding of "marked" limitation in the Health and

Physical Well-Being domain is warranted. (Def.'s Objection to R&R, 2-3.) Defendant argues that since "Plaintiff advanced no argument that [R.R.] exhibited marked or greater limitations" in this domain, the possibility that R.R.'s episodes or exacerbations met the requirements of §417.926a(e)(2)(iv) does not warrant remand. (Def.'s Objection to R&R, 2-3.) In addition, Defendant contends that in spite of the Magistrate Judge's "observation that he would not consider issues that have not been fully developed by the parties," he "independently weighed the evidence of record, and concluded that the evidence 'may' support" a finding for Plaintiff in the Health and Physical Well-Being domain. (Def.'s Objection to R&R, 3.)

The Court disagrees with Defendant. When evaluating a claimant's limitations in the Health and Physical Well-Being domain, the Commissioner considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on your functioning" that were not considered in the Moving About and Manipulating Objects domain. 20 C.F.R. § 416.926a(l). As the Magistrate Judge accurately noted, and Defendant agreed, 20 C.F.R. §416.926a(e)(2)(iv) allows for a finding of "marked" limitation in the Health and Physical Well-Being domain for episodes of illness or exacerbations occurring more often than 3 times a year and involving 42 days or more of incapacity. (Mag.J. R&R, 32) (Def.'s Objection to R&R, 3.)

Plaintiff testified that R.R. missed as many as 60 days of school in a year due to her impairments and related doctor's visits, and that R.R's impairments adversely affect her ability to "live a normal life" and participate in "normal childhood activities." (Dkt. #24, pg. 17). As living a normal life and the ability to participate in childhood activities implicate the Health and Physical Well-Being domain, a finding that Plaintiff's testimony is accurate could constitute a

"marked" limitation in that domain. Specifically, a finding that R.R. met the 42 day incapacity threshold pursuant to §416.926a(e)(2)(iv) would require a finding of "marked" limitation.

However, ALJ Revels did not make findings on the number of days of incapacity or indicate how R.R.'s recurrent exacerbations affect this domain. Instead, in determining that R.R's limitations in the domain were "less than marked," ALJ Revels observed that R.R. was "maintained on medication" and "was doing well." (R. 21.) This oversight prevents the Court from adequately evaluating whether ALJ Revels's determination that R.R.'s limitations in the domain were "less than marked" is supported by "substantial evidence." This Court cannot evaluate whether substantial evidence exists to support the Commissioner's decision where there is a reasonable basis for doubt whether correct legal standards were used as a basis for that decision. *Schaal v. Apfel*, 134 F.3d 496, 504 (3d Cir. 1998) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

Because a finding of "marked" limitation in this domain—in addition to ALJ Revels's finding of a "marked" limitation in the Acquiring and Using Information domain—would result in a finding of equivalence, remand is appropriate for further consideration of whether a finding of "marked" limitation is warranted in the Health and Physical Well-Being domain.

Accordingly,

IT IS ORDERED that Magistrate Judge Pepe's Report and Recommendation of April 18, 2007, is ACCEPTED AND ADOPTED so far it recommends remand for further consideration of whether a "marked" limitation in the Health and Physical Well-Being domain is warranted, and REJECTED as to its recommendation for further consideration of whether R.R. met Listing 103.03C in February 1999-April 2000 due to required steroid use.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is DENIED.

                         s/Bernard A. Friedman_____
                         BERNARD A. FRIEDMAN
                         CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 26, 2007
        Detroit, Michigan

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
   Secretary to Chief Judge Friedman**